Remo CADEMARTORI, doing business as Marittima Mercantile, Plaintiff,

v.

The MARINE MIDLAND TRUST COMPANY OF NEW YORK, Charles Poletti and Milton Diamond, Defendants.

United States District Court
S. D. New York.
July 13, 1955.

---

4. Campbell v. F. W. Woolworth & Co., 8 Cir., 117 F.2d 152.

Guido Coen, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Charles Poletti.

PALMIERI, District Judge.

This is an action to recover commissions and for an accounting. The attorneys for the plaintiff and one of the individual defendants, the only active litigants in the case thus far, have filed a stipulation providing for the determination of the issues joined by their pleadings. To this stipulation, there is subjoined a proposed provision giving it the force and effect of an order of this Court. While there is no proof of notice to or consent by the other two parties defendant despite the fact that their interests presumably will be affected by the proposed order, I make no point of it here in view of the fact that I do not feel justified in signing the order for other reasons.

The stipulation provides for the appointment of a Master pursuant to Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Master, who is named by the parties to the stipulation, is given all of the powers provided for by Rule 53 of the Federal Rules of Civil Procedure and "in addition he shall have and shall exercise all of the powers of this Court or of a judge thereof, whether in or out of Court, sitting in a motion part of this Court, sitting in equity without a jury, whether at the trial of this action or in the hearing and determination of any preliminary phase thereof." The Master is required to file a "written determination." If the Master is unable to conclude his work prior to such determination, the stipulation provides that all partial or interlocutory determinations made by him "shall stand as if made by this Court or a judge thereof and this proceeding shall continue before the Court unless the parties shall stipulate for a reference to another Master." It is also provided by the stipulation that judgment may be entered upon the Master's "written determination" as upon "the determination of the Court upon a Master's report." Moreover, it is further provided that the Master "shall not file with his determination a transcript of the proceeding and of the evidence and the original exhibits."

No showing of any kind has been made to justify this extraordinary delegation of judicial powers, even assuming arguendo that it could be considered valid. Rule 53 of the Federal Rules of Civil Procedure counsels in subsection (b) that a reference to a Master "shall be the exception and not the rule"; that in jury cases the reference should be made only when the issues are complicated, and in non-jury cases, save in matters of account, it should be made only upon a showing of some "exceptional condition" requiring it.

It is apparent that this stipulation seeks to place the Court in the position of being committed in advance to the decision of a Master already named, without the possibility of any recourse to the evidence upon which the Master may have acted, and without a showing of any kind by the proponents of the order and stipulation. The stipulation, in my opinion, is not consonant with the

purposes of Rule 53 of the Federal Rules of Civil Procedure. Accordingly, the proposed order is disapproved.